

**KAHN YUNIVER**
—— LAW ——

January 5, 2026

**VIA ECF**
Honorable Katherine Polk Failla, USDJ
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007



Re: *Berry Sagehorn v. DearDoc, Inc. et al.*
    **Civil Action No.: 1:25-cv-01765**

Dear Judge Polk Failla:

Defendants respectfully submit this letter in response to Plaintiff's December 30, 2025 letter-motion requesting an informal discovery conference. Plaintiff's application is both premature and without merit. Defendants provided comprehensive written responses to Plaintiff's discovery deficiency letters on Friday, December 26, 2025, just four days before Plaintiff filed her motion, followed by supplemental reproduction removing substantially all redactions on Monday, December 29, 2025. Defendants have now completed the supplemental ESI searches of Slack and email, which yielded no additional material responsive documents beyond what has been produced.

I.      The December 22, 2025 Meet and Confer
Plaintiff materially mischaracterizes the December 22, 2025 meet-and-confer. Defense counsel did not "acknowledge that Defendants had not produced internal Slack messages or other categories of electronically stored information" such that production was deficient. Rather, counsel explained that ESI searches did not yield relevant results and that Defense counsel would request Defendant to run a second search. That supplemental search has now been completed on January 5, 2026 and Plaintiff's counsel was advised by email. Counsel indicated that judicial intervention might ultimately be necessary to resolve a discrete legal question underlying this dispute: whether complaints lodged by third-party employees with Plaintiff in her capacity as Chief People Officer are relevant and discoverable to Plaintiff's individual claims in the Amended Complaint.

II.     Background
On December 9, 2025, Plaintiff served deficiency letters concerning Defendants' document production and interrogatory responses. On December 26, 2025, four days before Plaintiff filed the instant motion, Defendants provided detailed written responses explaining the scope of their

---

KAHN YUNIVER LAW                    KYPCL.COM                    Ntrotta@kypcl.com

710 AVENUE U • BROOKLYN, NEW YORK 11223                    TELEPHONE: 1(718)402-2240
49 WEST 37th. STREET • NEW YORK, NEW YORK 10018             FACSIMILE 1(718)305-4571

production, committing to reproduce previously redacted documents in unredacted form, and advising that supplemental ESI searches were underway. Those searches have now been completed. On December 29, 2025, Defendants produced substantially unredacted versions of all previously produced documents (with the sole exception of the Harassment Complaint Log). The supplemental ESI searches yielded no additional material responsive documents.

Despite receiving comprehensive responses on December 26 and supplemental reproduction on December 29, Plaintiff filed this motion on December 30 without awaiting the supplemental ESI searches Defendants committed to conduct, which have now been completed.

III.    Nature of the Dispute

First, Plaintiff's assertion that production "contains virtually no Slack messages, internal emails, [or] internal discussions of harassment complaints" has now been definitively addressed. On December 26, 2025, Defendants' counsel expressly stated: "Defendants' counsel has requested that an additional search be conducted to ensure all reasonable efforts have been made to identify responsive ESI." Plaintiff filed her motion before this supplemental search was complete. That search has now been completed and yielded no additional material responsive documents. Importantly, certain categories of ESI Plaintiff appears to seek do not exist in Defendants' possession: emails for former employees are not retained in Defendants' systems after their departure from the company, and phone records do not exist because Defendants do not issue company phones to employees.

Second, Plaintiff misrepresents Defendants' responses. Of 77 document requests, only one, Request No. 3, stated documents "do not exist," referring to health insurance documentation Plaintiff never received. Defendants stated that 'no declarations against interest or admissions' regarding issues in this lawsuit exist. As to complaints made by Plaintiff, what is in Defendants' possession after reasonable search has been produced. Concerns raised in other employees' resignation letters do not mean those complaints are responsive to interrogatories about discrimination against Plaintiff. As Chief People Officer, Plaintiff received and sought other employees' complaints in her HR capacity; such complaints are not relevant to whether she personally experienced discrimination. Critically, none of the complaints by other employees were experienced by Plaintiff firsthand. Moreover, Plaintiff affirmatively sought out complaints during her tenure. Tellingly, since Plaintiff's departure, no complaints have been made.

Third, Defendants have not "improperly limit[ed] discovery to conduct allegedly 'directed at Plaintiff.'" Rather, Defendants properly objected under Rule 26(b)(1). Plaintiff brings eleven causes of action, each of which requires Plaintiff to show she personally was subjected to unlawful conduct. The critical distinction is between: (1) discrimination Plaintiff personally experienced; and (2) complaints from other employees that Plaintiff received and handled in her HR capacity. The former is relevant and discoverable, the latter is not. Three undisputed facts demonstrate why such third-party complaints are not discoverable: 1) Plaintiff affirmatively sought out complaints from employees during her tenure as Chief People Officer – part of her professional HR role, not evidence of discrimination against her; 2) none of the complaints by other employees concern conduct Plaintiff personally experienced firsthand – these were complaints made to Plaintiff in her HR capacity; and 3) since Plaintiff's departure, no complaints have been made – demonstrating the

volume of complaints was a function of her active solicitation, not evidence of unlawful company-wide practices.

To permit discovery of all complaints Plaintiff handled would mean every HR professional processing complaints could assert personal discrimination claims based on matters they handled professionally rather than personally experienced. The law requires Plaintiff to show she was subjected to discrimination, not merely that she was aware of workplace issues through her HR role. Defendants produced Harassment Complaint Log excerpts limited to entries relevant to Plaintiff's allegations and properly objected to wholesale disclosure without any showing of relevance to Plaintiff's individual experience. While a confidentiality order exists, it does not override the requirement that discovery be relevant and proportional under Rule 26(b)(1).

Fourth, no privilege log is currently required. Defendants' December 26, 2025 response explained that redactions were "made out of an abundance of caution to protect confidential and personal information," not to withhold documents on privilege grounds. Defendants committed to reproduce "the previously redacted documents in unredacted form, which will eliminate the need for a privilege log with respect to those materials," completed on December 29, 2025. To the extent privilege objections were asserted, those addressed requests explicitly seeking documents prepared in anticipation of litigation. Defendants stated: "To the extent any documents are withheld on privilege grounds in connection with any future supplemental production, Defendants will provide an appropriate privilege log in accordance with Fed. R. Civ. P. 26(b)(5)."

Finally, on December 26, 2025, Defendants' counsel advised that counsel "requested that an additional search be conducted to ensure all reasonable efforts have been made to identify responsive ESI." That search has now been completed. Defendants conducted comprehensive searches of Slack and emails using the previously discussed search terms, which yielded no additional material responsive documents. As explained above, certain categories of ESI Plaintiff appears to seek do not exist in Defendants' possession. These limitations reflect Defendants' standard document retention practices and business operations, not any deficiency in search efforts. Courts order specific ESI protocols only when there is evidence of deficient searches or bad faith. Plaintiff has shown neither. Once supplemental production is complete, Defendants are willing to meet and confer about ESI parameters. However, Court-ordered protocols are premature before the parties discuss the supplemental production.

Given Defendants' comprehensive responses on December 26, 2025, substantially unredacted reproduction on December 29, 2025, and completion of supplemental ESI searches that yielded no additional responsive materials, any motion to compel should be denied as there are reasonable explanations for why certain information was not previously produced. At best, Plaintiff's request for Court intervention is premature. We remain at the Court's disposal for any further clarification or assistance.

Respectfully submitted,

/s/ Nicholas Trotta_____
Nicholas J. Trotta, Esq.

The Court has reviewed Plaintiff's request for a discovery conference (Dkt. #27), as well as Defendants' above response (Dkt. #28). Plaintiff's request for a conference is GRANTED. The parties shall appear for a telephonic conference on **January 20, 2026,** at **11:00 a.m.** At the scheduled time, the parties shall call (855) 244-8681 and enter access code 2315 780 7370.

The Court is hopeful that the parties will be able to work together in the next two weeks to resolve their dispute and thus obviate the need for the conference. If that occurs, the parties shall notify the Court promptly.

The Clerk of Court is directed to terminate the pending motion at docket entry 27.

Dated:    January 5, 2026          SO ORDERED.
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE