*Deutsch Atkins & Kleinfeldt, P.C.*

**ATTORNEYS AT LAW**

NEIL H. DEUTSCH, (RET.)
BRUCE L. ATKINS, AV®[2]
ADAM J. KLEINFELDT[1]
DEBRA M. MCGARVEY[1]
CARLY SKARBNIK MEREDITH[1]

------

DIANE ENGLANDER PEYSER
ROBERT J. PRIFITERA
NAVA A. BERGER

------

OF COUNSEL
LAURA G. WEISS[3]

21 MAIN STREET, SUITE 352
COURT PLAZA SOUTH
HACKENSACK, NEW JERSEY 07601
TELEPHONE: (201) 498-0900
FACSIMILE: (201) 498-0909

------

WEBSITE: www.deutschatkins.com
E-MAIL: DALAW@deutschatkins.com
WRITER'S DIRECT E-MAIL: cmeredith@DeutschAtkins.com

ONE BLUE HILL PLAZA
P.O. BOX 1647
PEARL RIVER, NY 10965
(845) 920-0200

------

Please respond to the Hackensack Office

ADMITTED IN NJ
ADMITTED IN NJ & NY[1]
ADMITTED IN NJ, NY & FL[2]
ADMITTED IN NY[3]

March 3, 2026

<u>**VIA ECF**</u>

Honorable Katherine Polk Failla, USDJ
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007



MEMO ENDORSED

> Re:    **Sagehorn v. DearDoc, Inc. et al.**
>        **Civil Action No. 1:25-cv-01765-KPF**

Dear Judge Failla:

Plaintiff respectfully submits this letter in opposition to Defendants' March 3, 2026, request (ECF 33). Defendants seek (i) to stay eight duly issued third-party subpoenas, (ii) to adjourn Plaintiff's deposition by one week, and (iii) to require that all party depositions proceed in a uniform format. The requested relief is unwarranted and unsupported by the Federal Rules.

## I.    Third-Party Depositions

Plaintiff has subpoenaed eight fact witnesses, including seven former employees and one current employee. These individuals held varied roles at Defendant DearDoc and include men and women, individuals alleged to have contributed to the discriminatory, hostile, and retaliatory work environment, and individuals who experienced the alleged conduct and/or reported it.

Plaintiff asserts hostile work environment, discrimination, and retaliation claims. Such claims necessarily depend on contextual evidence regarding workplace culture, patterns of conduct, and the cumulative impact of repeated behavior. Each subpoenaed witness is expected to possess distinct, individualized knowledge directly relevant to Plaintiff's claims and Defendants' defenses.

Defendants do not argue that the witnesses are categorically irrelevant. Instead, they seek to condition the depositions on Plaintiff disclosing in advance the precise subject matter and temporal scope of her questioning. The Federal Rules impose no such requirement. Rule 26(b)(1) defines the permissible scope of discovery; it does not require a party to preview litigation strategy prior to taking a deposition.  Nor does Rule 30 contemplate judicial pre-screening of deposition topics absent extraordinary circumstances.

Defendants' assertion that the testimony may be cumulative is premature and inconsistent with the nature of hostile work environment claims, which often require evaluation of repeated conduct viewed collectively across multiple actors. Whether testimony overlaps cannot be determined before it is taken.

Notably, Defendants opposed any extension of of the deposition deadline beyond March 23rd. The Court granted only a limited extension of discovery and set a firm May 1st deadline for completion of fact depositions. Plaintiff must therefore proceed efficiently within a compressed schedule. Staying eight properly issued subpoenas at this stage would materially impair Plaintiff's ability to comply with the Court's Order.

## II.    Plaintiff's Deposition

The March 17, 2026 deposition date for Plaintiff was proposed by Defendants and accepted by Plaintiff. Plaintiff has made arrangements in reliance on that date.

Defendants now request to adjourn Plaintiff's deposition by one (1) week. Their proposal, however, was not limited to Plaintiff's deposition; they simultaneously sought to move Defendant Brown's deposition from March 25th to April 1st. The request thus reflects a broader effort to delay discovery after having opposed any extension of discovery only days earlier.

While Plaintiff is sympathetic to counsel's personal circumstances, Defendants did not indicate during our meet-and-confer discussion or in communications to the Court that Ms. Sinayskaya Kahn would be participating in Plaintiff's deposition or that her availability would control scheduling. The deposition has been on the calendar since February 24th.  Defendants did not previously indicate that Ms. Sinayskaya Kahn's availability would affect scheduling.

Following the Court's May 1 deadline, Plaintiff affirmatively offered to make herself available on an earlier March date to facilitate compliance with the Court's schedule. Defendants did not provide any such availability. As to Mr. McGregor, Defendants advised that their office would be closed in observance of Passover and did not provide earlier April availability. The earliest April date offered was April 10, later moved to April 8.

Given the Court's firm May 1 deadline and the number of remaining depositions that must be completed within that timeframe, even a one-week delay has meaningful downstream consequences for sequencing and coordination.

## III.      Deposition Format

Defendants ask the Court to require that all party depositions proceed in a uniform format. No rule requires identical treatment.

Plaintiff resides in Illinois, maintains full-time employment, is breastfeeding her baby, and has a toddler. An in-person deposition would require overnight travel and significant childcare arrangements, creating substantial logistical and financial burdens. For those reasons, Plaintiff's deposition is appropriately remote.

Defendant Brown, by contrast, works locally. During meet-and-confer discussions, Defendants did not dispute that he works in the office five days per week. Plaintiff acted reasonably and in good faith by offering, and Defendants accepted, to conduct Mr. Brown's deposition at defense counsel's New York office to minimize inconvenience.

Plaintiff's preference for conducting Mr. Brown's deposition in person is grounded in the nature of the claims, his role as CEO and a named Defendant, and the anticipated use of a substantial volume of documents during examination. When informed that Mr. McGregor resides out of state, Plaintiff agreed that his deposition should proceed remotely. Plaintiff's approach has been practical and tailored to the circumstances of each witness.

Rule 30(b)(4) permits remote depositions; it does not require uniformity. Defendants have not demonstrated good cause to override Plaintiff's reasonable format determinations.

## IV.    Conclusion

Plaintiff is proceeding diligently to complete all fact depositions within the Court's May 1 deadline. Defendants' motion seeks to restrict otherwise permissible discovery and to alter scheduling arrangements that Defendants themselves proposed and upon which Plaintiff relied. The requested relief should be denied.

Respectfully submitted,

*/s/Carly Skarbnik Meredith*

Deutsch Atkins & Kleinfeldt, P.C.
Attorneys for Plaintiff Sagehorn

Dated: March 3, 2026

The Court has reviewed Defendants' request for an Order resolving various disputes related to deposition procedures (Dkt. #33), as well as Plaintiff's above response (Dkt. #34).  The Court is disappointed that the parties could not resolve most, if not all, of these issues on their own.

In short, Defendants seek (i) to stay eight third-party subpoenas issued by Plaintiff; (ii) to adjourn Plaintiff's deposition by one week; and (iii) to require that all party depositions proceed in a uniform format.  Defendants' request is GRANTED IN PART and DENIED IN PART.

On the issue of the third-party subpoenas, Defendants request a stay pending the provision of further information regarding the scope of the third-party depositions that Plaintiff hopes to conduct.  That request is DENIED.  Given the nature of Plaintiff's hostile work environment, discrimination, and retaliation claims, and her need to proceed quickly with depositions, the Court believes the scope of the depositions is fairly obvious and declines to delay them any further.

On the issue of the adjournment of Plaintiff's deposition, Defendants' request is GRANTED.  Plaintiff has not identified any reason that the March 24 date does not work for her, and Defendants have clarified that the adjournment would not affect the timing of any other depositions. Additionally, Plaintiff has not sufficiently outlined the "meaningful downstream consequences" of adjourning Ms. Sagehorn's deposition for one week.  (Dkt. #34).  As such, the Court sees no problem with allowing a one-week adjournment to facilitate Ms. Sinayskaya Kahn's participation.

On the issue of deposition formats, Defendants' request for an Order requiring uniform deposition formats is DENIED.  Plaintiff has appropriately explained why her deposition must happen remotely, whereas Mr. Brown's need not, as he works in office five days per week in New York.  (*See* Dkt. #34). Given those facts, the Court cannot see how an in-person deposition burdens Mr. Brown over a remote one in any way.  As such, Plaintiff's deposition shall proceed remotely, while Mr. Brown's shall proceed in-person.

The Clerk of Court is directed to terminate the pending motion at docket entry 33.

Dated:    March 4, 2026
          New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE